## 9607. HEARN *v*. THE STATE.

BROYLES, P. J. 1. Where, upon the trial of one charged with assault with intent to murder, the judge, just as he was about to charge the law relating to mutual combat, was informed by counsel for the accused (who was corroborated by counsel for the State) that, before making his argument to the jury, he asked the solicitor-general, not within the hearing of the court, if he insisted that the doctrine of mutual combat entered into the case, and the solicitor-general replied that he did not think it did, and therefore he (counsel for the accused) did not in his argument discuss that theory, and that he felt, under the circumstances, "it would be unfair to the defendant to submit that theory to the jury," it was not error for the court nevertheless to instruct the jury upon the law of mutual combat, provided such an instruction was authorized by the evidence or the defendant's statement.

2. The excerpt from the charge complained of in the 2nd ground of the amendment to the motion for a new trial was authorized by the evidence and the defendant's statement, and, under the note of the judge qualifying his approval of this ground of the motion, and in the light of the entire charge, was not erroneous for any reason assigned.

3. In view of the clear charge of the court upon the subject of stabbing, it was not error to fail to charge the law of voluntary manslaughter, and in connection therewith to instruct the jury that if the assault occurred under such circumstances as would have made the offense voluntary manslaughter had death ensued, the accused would not be guilty of assault with intent to murder, but would be guilty of the offense of stabbing only.

4. Although the judge did not read to the jury section 65 of the Penal Code (1910), his charge upon the subject of stabbing was sufficient, in the absence of a timely written request for a fuller charge upon this subject.

5. The remaining ground of the amendment to the motion for a new trial, not having been argued in the brief of counsel for the plaintiff in error, is treated as abandoned.

6. The evidence authorized the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*
DECIDED MAY 1, 1918.

Indictment for assault with intent to murder; from Harris superior court—Judge Howard. February 1, 1918.

*M. U. Mooty,* for plaintiff in error.

*C. F. McLaughlin, solicitor-general,* contra.